FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS  2016 MAR -9  PM 4: 02
EL PASO DIVISION

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| SHAWN STEPHEN SCARBROUGH, | § | |
| Plaintiff, | § | |
| v. | § | NO.  EP-14-CV-0373-KC |
| | § | (-LS by consent) |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was referred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C of the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance benefits (DIB) and for supplemental security income (SSI) under Titles II and XVI, respectively, of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff was born in 1962, completed a GED, and can communicate in English. (R:34, 127,

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

159)[2] He has experience working in security and as a restaurant server. (R:151) Plaintiff alleges that he discontinued working in October of 2011 due to his medical conditions, including hip arthritis. (R:160)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the Administrative Law Judge's (ALJ) residual functional capacity (RFC) determination is not supported by substantial evidence because she failed to properly consider Plaintiff's limitations, especially his problems standing and/or walking. Plaintiff contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

## PROCEDURAL HISTORY

In November 2011, Plaintiff filed applications for DIB and SSI benefits with an alleged onset date of October 28, 2011, due to left hip arthritis. (R:127, 132, 160) His applications were denied initially and upon reconsideration. (R:12) Upon Plaintiff's written request for a hearing, an administrative hearing was held on April 11, 2013. (R:31-57) The ALJ issued her decision on May 29, 2013, finding Plaintiff not disabled, and denying benefits. (R:9-30) The Appeals Council denied Plaintiff's request for review on August 12, 2014. (R:1-6)

Plaintiff filed the instant cause on October 10, 2014. [ECF Nos. 1, 5] Defendant filed an

---

[2]Reference to the Administrative Record, contained in Docket Entry Number 11, is designated by an "R" followed by the page number(s).

answer and transcript of the administrative proceedings on December 22, 2014. [ECF Nos. 9, 11] Plaintiff filed a brief in support of his claims on May 1, 2015. [ECF No. 18] On June 1, 2015, Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF No. 19] This case was transferred to United States Magistrate Judge Leon Schydlower on December 8, 2015. [ECF No. 20]

## DISCUSSION

### I. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### II. EVALUATION PROCESS

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether

the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520, 416.920. However, if the claimant has shown he cannot perform his previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). If the Commissioner establishes other potential employment, the burden shifts back to the claimant to prove he is unable to perform the alternative work. *Id.*

A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett*, 67 F.3d at 564. The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commission made an error of law. *Id.*

### III. THE ALJ'S DECISION

At step one of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 28, 2011, the alleged onset date. At step two, the ALJ found that Plaintiff had severe impairments of: status post left hip arthroplasty; cervical spine spondylosis; osteoarthritis; headaches; hypertension; status post two heart stents in March 2012;

sleep apnea; Kennedy's disease; and mild right and left carpal tunnel syndrome.[3] (R:14) However, at step three, she found that none of his impairments met or equaled the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:16) The ALJ next determined that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b), and 416.967(b),[4] except that he could not climb ropes, ladders, or scaffolds, could occasionally climb ramps or stairs, could frequently balance, and occasionally stoop, crouch, kneel, and crawl. He was limited to jobs which can be performed while using a cane for uneven terrain or prolonged ambulation, with "no constant gross manipulation bilaterally." (R:17)

At step four, based upon vocational expert ("VE") testimony, the ALJ determined that an individual with Plaintiff's RFC could perform Plaintiff's past relevant work as a security guard and as a comedian. (R:23,54) Alternatively, the VE testified that the same individual could work as a counter clerk and a bar attendant, at the given RFC. (R:55-56) However, for an individual restricted to performing simple, routine, repetitive tasks, only the counter clerk and bar attendant jobs would be available, and not Plaintiff's past relevant work. (R:56) If the individual is further restricted by

---

[3]Kennedy's Disease is an inherited motor neuron disease that affects males with symptoms ranging from muscle tremors, cramps, and twitching, to dysphagia (difficulty swallowing), dysarthia (slurring of speech), and recurrent aspirational pneumonia. *See* National Institute of Neurological Disorders and Stroke, Kennedy's Disease Information Page, http://www.ninds.nih.gov/disorders/kennedys/kennedys.htm (last viewed Mar. 7, 2016).

[4]Light work is defined as work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b). The full range of light work involves "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10.

missing work more than three days per month, the VE testified that work would not be available. (R:56) The ALJ concluded that Plaintiff was not disabled from his alleged onset date through the date of the ALJ's decision. (R:24)

## IV. THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff asserts that the ALJ erred in determining his residual functioning capacity by failing to accommodate his limitations as they relate to his ability to stand and/or walk. He claims that he is unable to perform the six-hour standing/walking requirement of light work. The Defendant responds that substantial evidence supports the decision of the ALJ, and that the ALJ appropriately discounted Plaintiff's subjective statements.

Residual functional capacity ("RFC") is the most an individual can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his physical and mental limitations. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); *see also* 20 C.F.R. §§404.1545(a), 416.945(a). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, and 416.945. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

Further, the mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§

404.1512(c), 416.912(c). His own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929.

Plaintiff claims that he is unable to stand or walk for the periods required for light work. As support for his claim, he points to his testimony that he has difficulty walking or standing for long periods, uses a cane for support, tires easily, has trouble balancing, and can only walk for approximately ten minutes or two hundred feet before needing to rest. He further argues that the medical evidence demonstrates his limitations, particularly those caused by his left hip arthroplasty, Kennedy's disease, heart surgeries, osteoarthritis, and obesity.

The medical records show that in October 2011, Plaintiff had left hip arthroplasty for degenerative arthritis. (R:1292) He was treated with medication and physical therapy. On the third post-operative day, he was discharged. (R:1298-99)

In January 2012, at a follow-up visit after completing physical therapy, Plaintiff ambulated well with no pain and had no complaints. (R:1315) After an evaluation on January 24, 2012, he was released without limitations and advised to follow-up with the orthopedics clinic as needed. (R:1316)

In January 2012, physical examination showed normal strength in his upper and lower extremities, though he had difficulty with his left lower extremity due to his left hip surgery. Plaintiff reported spasms in his legs and thighs. He was diagnosed with Kennedy's disease, motor-neuron disease, and cerebrovascular insufficiency. (R:1459)

Progress notes from physical therapy treatments dated in June 2012 reflect that Plaintiff's prognosis for rehabilitation was good, with only mild to moderate left hip pain. (R:861) During physical therapy sessions in July 2012, after having fallen on his left hip, he demonstrated no issues

with performing exercises and was advised to add new exercises. (R:842, 856)

In October 2012, Plaintiff was hospitalized for chest pain. (R:2067, 2069) He received an EKG, which was normal, and serial cardiac enzymes, which were negative. He was released in stable condition. Progress notes from October 2012 indicate that he walked without a cane and was waiting tables. (R:1484, 1486) At 246 pounds, Plaintiff was counseled to improve his nutrition and weight control. (R:1487) Although findings indicated waxing and waning pain associated with his history of right hip arthroplasty, there were no reported limitations or restrictions imposed. (R:1485) Plaintiff was referred to occupational therapy. (R:1485)

Plaintiff was seen at the emergency room in December 2012 for flu symptoms. (R:1418) Physical examination showed normal range of motion in upper and lower extremities. His gait was steady. He was assessed with strep throat, back pain, and acute stress reaction. The attending physician prescribed medication and discharged him that day. (R:1419, 1422)

During a home visit by a social worker in December 2012, Plaintiff related that he worked as a server at the Olive Garden restaurant, but that he would be looking for additional work as the restaurant income had been slow. (R:1473) In March 2013, the social worker found Plaintiff to be in a stable housing environment, with no problems reported by Plaintiff. (R:1469) Plaintiff indicated that he was still working as a server and looking for an additional job. (R:1469)

In January 2013, Plaintiff was seen at the El Paso Sleep Center for complaints of difficulty sleeping. (R:1428) Plaintiff reported working as a comedian. Physical examination showed that he weighed 242 pounds with a BMI of 34. The physician's clinical impression was that Plaintiff had indications of obstructive sleep apnea and recommended that a sleep study be performed. (R:1429)

Medical records from February 2013 show that Plaintiff was seen for complaints of stomach

pain. Upon examination, his upper and lower extremities had full range of motion. (R:1436) He was treated for the pain and discharged the same day. (R:1440)

A Physical Residual Functional Capacity Assessment was completed on February 21, 2012, by state-agency medical consultant Dr. Roberta Herman. (R:625-32) She found that Plaintiff could lift or carry up to 20 pounds occasionally and 10 pounds frequently, could stand or walk about 6 hours in an 8-hour workday, could frequently balance, and occasionally climb, stoop, kneel, crouch, and crawl. Upon review of the evidence, she determined that Plaintiff's complaints were only partially supported and that his severe impairment would not last over 12 months. Dr. Herman's assessment was affirmed by Dr. Andrea Fritz, another state agency medical consultant, on May 14, 2012. (R:803)

In a Function Report, dated December 9, 2011, Plaintiff reported that he could not walk without a cane and that he needed assistance around the house and yard because he could not stand long enough to complete the chores. He indicated that he went grocery shopping twice a week. He further indicated that he could walk about 200 feet or 10 minutes before needing to stop and rest. (R:166-73)

At the administrative hearing in April of 2013, Plaintiff testified that he stopped working in October of 2011. When confronted with earning statements reflecting thousands of dollars worth of work in 2012, Plaintiff conceded that he never left the employ of the restaurant. (R:35) Indeed, he testified in April of 2013 he continued to work 5 to 10 hours per week as a server in the restaurant. (R:35) He stated that health reasons prevented him from working more. (R:35) Plaintiff related that he used a cane when he has to do extensive walking or standing, but that he did not use it at work. (R:40, 43) The ALJ noted that Plaintiff was using a cane at the hearing. (R:39) Plaintiff

9

further testified that he has trouble with his balance, that he often feels dizzy, and that he experiences muscle weakness and cramping due to the Kennedy's disease. (R: 38, 44, 47) When asked what activities he was able to do, Plaintiff testified that he could prepare simple meals, such as eggs and toast, and that he cleaned up a little around the house. (R:41) He stated that he was not able to drive. (R:41)

Based upon a review of the testimony and record evidence, the ALJ found that Plaintiff's alleged limitations were not entirely credible. (R:18) The ALJ specifically referenced the discrepancy between Plaintiff's testimony that he stopped working in October of 2011 and his subsequent testimony that he never stopped working as a server in the restaurant. She also found Plaintiff's statements in his Function Report, indicating that he did not cook or do chores, to be inconsistent with his testimony that he cooked simple meals, did light cleaning, and worked as a server at a restaurant. She further found Plaintiff's alleged limitations unsupported by the objective medical evidence. (R:18-23)

The medical notations do not reflect any physician-imposed restrictions or limitations on Plaintiff's ability to stand or walk. To the contrary, Plaintiff tolerated physical therapy exercises without issues and was advised to perform additional exercises. Even in the more recent records from 2013, Plaintiff exhibited full range of motion in his extremities, with no mention of problems standing or walking. Plaintiff's allegations of functional loss are based primarily on his own subjective reports rather than objective findings. By limiting Plaintiff to light work, and further limiting such work to jobs which can be performed while using a cane for uneven terrain or prolonged ambulation, the ALJ sufficiently accommodated Plaintiff's impairments and limitations.

Plaintiff also argues that the ALJ failed to consider the effects of his obesity in making her

RFC determination. Although the ALJ did not specifically address Plaintiff's alleged obesity, there is no evidence in the record that this alleged condition limited him more than reflected in the RFC found by the ALJ. *See Hobbs v. Astrue*, 627 F.Supp.2d 719, 727 (W.D. La. 2009) (although the ALJ did not mention claimant's obesity or discuss the impact of her obesity on her ability to work, he "did, in effect, consider the impact of claimant's obesity on her ability to work when he considered the impact of the physical symptoms caused or aggravated by her obesity."). By considering the symptoms of Plaintiff's other impairments, all of which may be aggravated by his obesity, the ALJ's RFC determination, in effect, considered the impact of his alleged obesity on Plaintiff's ability to work. Moreover, Plaintiff's continued employment as a restaurant server through the day of his administrative hearing in April of 2013 buttresses the ALJ's RFC determination.

It is apparent from the ALJ's decision that she considered the entire record and evaluated the evidence. She considered any functional limitations attributed to Plaintiff's conditions by the physicians, and incorporated such limitations into her RFC determination. The evidence fails to show that the limiting effects of Plaintiff's impairments are greater than those assessed by the ALJ in her RFC determination.

In making her determinations, the ALJ assessed Plaintiff's credibility and subjective complaints. It was within the ALJ's broad discretion to weigh the evidence and make credibility determinations. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered the medical evidence as well as Plaintiff's testimony. Based upon her review of the evidence, the ALJ determined that Plaintiff was not as limited as he claimed. Such decision was within the ALJ's discretion and is supported by the evidence.

Accordingly, based upon a review of the evidence, the Court finds that the ALJ's RFC

determination comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on March 9, 2016.

LEON SCHYDLOWER
United States Magistrate Judge